IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Related Criminal Case |
| | : | Crim No.: MJG 17-0148 |
| WENDY COLLINS | : | |

JKB-19-3058

FILED / ENTERED / LOGGED / RECEIVED

OCT 18 2019

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

UNITED STATES OF AMERICA :
:
v. :
:
HAULMARK TRAILER :
Asset ID No. 17-FBI-001174 :
Defendant :

## ANCILLARY PROCEEDING
## THIRD PARTY PETITION FOR ASSET ID NO. 17-FBI-001174

The Petitioner, Michael Collins, by counsel, files this petition pursuant to Rule 32.2(c) and 21 U.S.C. §853(n) as a third-party owner of an interest in property subject to judicial forfeiture under 21 U.S.C. 853(n)(2) namely, a 2016 Haulmark Trailer Asset ID No. 17-FBI-001174 ("**Trailer**") the Petitioner surrendered pursuant to a March 24, 2017 Consent Order of Forfeiture [D.E. #9] ("**Forfeiture Order**"), and on August 26, 2019, received Notice to Third Party Claimant and states as follow:

1. The Petitioner is the ex-husband of Defendant, Wendy Collins, against whom the United States on March 16, 2017 filed a Criminal Information for wire fraud.

2. On March 24, 2017, the Defendant pled guilty to wire fraud in violation of 18 U.S.C. §1343.

3. The Petitioner currently resides at 3816 Carriage Hill Drive Frederick, MD 21704 with his four children from his marriage to the Defendant.

4. The last four digits of the Petitioner's social security number are 3904.

5. Pursuant to the Defendant's plea agreement, the Defendant agreed to forfeit approximately $4,273,749.83 in real and personal property which the Government claimed was derived from proceeds traceable to her offense.

6. On March 24, 2017, this Court entered the Forfeiture Order, which among other things, required the forfeiture of the Trailer.

7. The Petitioner is a 42% owner of Big Window Partners, LLC dba Meathead Racing ("**BWP**"), a business that modifies vehicles for use at racetracks.

8. Apart from the business, the Petitioner also works as a salesman at Hagerty Motorsports (formerly Pukka Software).

9. In the normal course of operating the BWP, the Petitioner travels throughout the country with vehicles. Because the vehicles cannot be legally driven on public streets or highways, the vehicles must be towed.

10. In 2016, the Petitioner owned several vehicles used by BWP which were acquired with funds earned by the Petitioner through BWP. The titles of the vehicles used in Petitioner's business were in Petitioner's name alone.

11. The Defendant had no interest in the BWP and did not participate in its daily operations.

12. The Petitioner and the Defendant, like most families, maintained a bank account for household expenses. The Petitioner and Defendant maintained a family checking account at Sandy Spring Bank with the last four digits ending in 1096 ("**Family Account**").

13. In early 2016, the Petitioner recognized that the BWP's needs were changing and decided to sell several vehicles BWP used in order to acquire a larger car trailer.

14. In early 2016, the Petitioner started actively looking for purchasers for the various vehicles he wanted to sell.

15. In total, the Petitioner sold four vehicles to various buyers directly via the internet or through a broker.

16. The purchasers of the vehicles paid in cash, personal check, or cashier's checks. The Petitioner also traded-in one vehicle for an open wedge trailer and received a small amount of cash.

17. The Defendant deposited into the Family account $27,500 in proceeds derived from sales of the vehicles identified in **Exhibit1 (Sept.25, 2019 Petition with Exhibits)**:

| Date | Amount | Deposit Type | Description |
| --- | --- | --- | --- |
| 03/14/16 | $ 3,500 | Cash | Race car trade for trailer and cash |
| 03/16/19 | $ 5,000 | Cash | Sale of 28' trailer |
| 04/18/16 | $ 9,000 | Check | Sale of former rental car |
| 06/02/16 | $10,800 | Check | Sale of pick-up truck |

18. At all times during Petitioner's marriage to the Defendant, the Defendant maintained the household finances, including paying household expenses as the bills came due and paying the family's revolving credit card bills.

19. The Petitioner used American Express ("**Amex**") card 8-71007 to make business purchases for BWP so he could earn rewards points for travel.

20. Amex required that purchases be paid during the grace period and only allowed a portion of each monthly balance to be paid over time and at a premium interest rate.

21. Consequently, the Petitioner had no reason to believe that the Amex card was not being paid off on a monthly basis. The Petitioner believed that if the Amex bill had not been paid off each month, Amex would have limited or denied the Petitioner's privileges

22. As evidenced by **Exhibit 1**, on April 18, 2016, the Petitioner purchased the Trailer for $19,995.00 using the Amex card.

23. The Defendant deposited into the Family account more than sufficient funds to cover the cost of the trailer and in good faith believed that the Amex bill had been paid by the Defendant. At the time the deposits or charges were made, the Petitioner was not aware of any of the Defendant's criminal activity and did not have any reason to suspect that the Defendant was engaged in any criminal enterprise.

24. As soon as the Petitioner was apprised of the Defendant's misdeeds, the Petitioner fully cooperated with the Government and with agents from the Federal Bureau of Investigation ("**FBI**") and surrendered property the Government believed was subject to forfeiture months before the Forfeiture Order was even entered.

25. After a thorough investigation of the Defendant's and the Petitioner's finances, the Government determined that the Petitioner was not involved in the Defendant's criminal enterprise and allowed the Petitioner to retain some assets that belonged to the Petitioner and were acquired during the marriage.

26. The Petitioner even personally delivered the Trailer to the FBI's storage facility at Sparrow Point after the FBI, the agency seizing the Defendant's assets, was unable to tow the large Trailer itself.

27. At the time the Petitioner delivered the Trailer, the Petitioner's attorney informed the Government that the Petitioner believed that the Trailer had been paid with the proceeds from the sales of the four vehicles described in this petition.

28. The Government provided the Petitioner with documents confirming that the Trailer had been purchased using the Amex card and bank records showing that the Amex bill had been paid in full with funds from the Family Account (into which the Defendant had deposited the proceeds of the sale of vehicles).

29. The Petitioner had not contested the forfeiture of the Trailer and has fully cooperated with the FBI and the Government throughout the Defendant's indictment, sentencing, and incarceration.

30. The Petitioner thought that the Trailer had been sold some time after he had surrendered it to the FBI in late 2016.

31. On August 26, 2019, the Petitioner received by certified mail a Notice of Third Party Claimant Procedure regarding the preliminary forfeiture of the Trailer pursuant to the 2017 Forfeiture Order.

32. The Petitioner, by counsel, confirmed that the Trailer has been maintained in good working order by the United State Marshal Service and has timely filed this Petition.

33. The Petitioner has a valid, good faith, and legally cognizable interest in the seized property as an owner.

34. On September 25, 2019, the Petitioner filed a timely Petition for Remission at www.forfeiture.gov. **Exhibit 2 Receipt of Filing**

35. On September 27, 2019, Ilissa Gould, Assistant United States Attorney, contacted undersigned counsel regarding the Petition for Remission. Both Ms. Gold and undersigned

counsel believe that an *in rem* ancillary proceeding would be the best forum to adjudicate this matter since the trailer has not yet been sold.

36. Ms. Gold indicated by email on October 15, 2019, that the Government would not object to a late filed Petition as an ancillary proceeding.

WHEREFORE, the Petitioner respectfully requests that the Court schedule a hearing to adjudicate the validity of his alleged interest in Asset Id. No. 17-FBI-001174, a 2016 Haulmark Trailer, VIN Number 575GB2429GH300468, Amend the Order of Forfeiture, and for such further relief as the nature of his cause requires.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

| | |
|---|---|
| /s/ Michael Collin | September 25, 2019  (See **Exhibit 1** for Original Signature) |
| Michael Collins | Date Executed |

Dated: October 17, 2019                                 Respectfully submitted,

*/s/ M. Christina Hamilton*
M. Christina Hamilton (#16484)
Eisler Hamilton, LLC
1 Research Court, Suite 450
Rockville, Maryland 20850
Phone: (301) 525-9995
Fax : (301) 917-3140
Email: chamilton@e-hlegal.com
Counsel for Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2019 a copy of the foregoing was served by consent to via electronic mail to ilissa.gould@usdoj.gov and by first class mail postage prepaid to:

Ilissa M. Gould

Assistant United States Attorney

U.S. Attorney's Office, District of Maryland

36 S. Charles Street | Baltimore, MD 21201

/s/ M. Christina Hamilton
M. Christina Hamilton